## Staunton.

## EUREKA LAND COMPANY v. WATTS.

September 11, 1916.

1. EASEMENTS—*Private Road—How Located—Change of Location—Temporary Deviations.*—When a right of way is reserved over a tract of land without any designation of the location, if there be in fact at the time of the reservation a well defined road over the land which is in actual use by the persons in whose favor the right is reserved, the way in use will be treated as the one which the parties contemplated. If there be no such road in existence at the time of the conveyance, the owner of the servient estate may fix the location, having due regard to the particular terms of the instrument. If, however, the location be not fixed by either of these methods, the owner of the way may adopt his own route, and a subsequent unequivocal acquiescence by the owner of the fee, even for a short time, will become binding upon him. When a way is once located it cannot be changed by either party without the consent of the other; and mere temporary deviations from the way on account of its condition will not affect the right of the party to whom it belongs.

Appeal from a decree of the Circuit Court of the city of Roanoke. Decree for the complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Jackson & Henson,* for the appellant.

*Hall, Woods & Coxe* and *Harvey B. Apperson,* for the appellee.

KELLY, J., delivered the opinion of the court.

The object of this suit is to have the court define
and decree the location of a private right of way,
and to protect the use and enjoyment thereof by in-
junction.    The circuit court awarded the relief prayed
for in the bill, and thereupon this appeal was applied
for and allowed.

The evidence was, upon some points, conflicting,
but the weight of it, as we think, warrants the following
finding of controlling facts: On the 8th of March, 1889,
J. Allen Watts, being the ower of a very large and valu-
able tract of land, located northwest of the city of
Roanoke, sold and conveyed a small part thereof, about
40 acres, to one C. O'Leary, by a deed containing
the following provision:

"The said Cornelius O'Leary covenants that J.
Allen Watts and his assigns, Wm. W. Robertson and
Alice W., his wife, and their assigns, F. Sorrell and
Latetia, his wife, and their assigns, shall have a right
of way through the land for ingress, egress and regress,
the said way to be of sufficient width and good grade
for the passage of vehicles and persons."

On December 23, 1889, O'Leary conveyed the said
40 acres to the appellant, Eureka Land Company,
reserving a right of way for the same parties and in the
same language as last above set out.

At the time of the conveyance from Watts to O'Leary
the parties in whose behalf this right of way was
reserved were using a road through the 40 acres as an
outlet to the public thoroughfares leading into the
business section of the city of Roanoke.   This road
ran through what was known as the Whitten woods,
and followed a definite and well marked line of travel,
making occasional deviations here and there along
the way for the purpose of avoiding temporary ob-
structions caused by mud-holes or other impediments in

the road, but not affecting in any substantial or material manner the identity of the route. This road, referred to in evidence and in the court's decree as the "Wood Road," (west of the so-called "Watts Road") continued in unchallenged use by the parties interested in the Watts estate until a short time before the institution of this suit, when it was interfered with by the action of the Eureka Land Company next below mentioned.

Shortly before this suit was brought the Land Company, which, as all parties probably understood in the outset, bought the property with the purpose of subdividing it into lots, laid off the land and prepared a map showing its plan of development. This plan ignored the right of way established and in use as aforesaid, and provided for a new and different route to be used by the owners of the Watts estate. According to this plan, the Watts land is not only cut off from the "Wood Road," but from each and all of the regular streets laid out, and can only be reached by a way twenty feet wide, designated on the appellant's map filed in evidence as the "Watts Road," but in fact, as correctly described in the bill and in the testimony of some of the witnesses, a "back alley." The appellee, Mrs. Watts, who as life tenant and executor under the will of J. Allen Watts, owns some 500 acres of the land owned by Mr. Watts at the date of the conveyance to O'Leary, offered, before this suit was brought, to accept, in lieu of the road, a right of way over any of the regular streets proposed to be opened by the company, but the offer was declined. In taking this course, the company proceeded upon the claim that there had never been any location of the right of way provided for in the above recited deeds, and that, therefore, it had the right to locate the same to suit its own convenience, subject only to the re-

striction that the way be upon a good grade and of sufficient width. The facts already stated show, as we believe, that the contention of the company is unwarranted, and that its course in the matter is both arbitrary and unlawful.

When a right of way is reserved over a tract of land without any designation of the location, if there be in fact at the time of the reservation a well defined road over the land which is in actual use by the persons in whose favor the right is reserved, the way in use will be treated as the one which the parties contemplated. If there be no such road in existence at the time of the conveyance, the owner of the servient estate may fix the location, having due regard to the particular terms of the instrument. If, however, the location be not fixed by either of these methods, the owner of the way may adopt his own route, and a subsequent unequivocal acquiescence by the owner of the fee, even for a short time, will become binding upon him. When a way is once located it cannot be changed by either party without the consent of the other, and mere temporary deviations from the way on account of its condition will not affect the right of the party to whom it belongs. These propositions are clearly established by the authorities, and are conclusive of the correctness of the circuit court's decision, which upheld the location according to the "Wood Road." See Jones on Easements, secs. 296, 340, 343, 344, 352; Washburn's Easements and Servitudes, p. 238; 14 Cyc. 1204-5; *Dudgeon* v. *Bronson,* 159 Ind. 562, 95 Am. St. Rep. 315, 317 and note p. 323.

There is no error in the decree appealed from, and it will be affirmed.

*Affirmed.*