CAROLINA POWER & LIGHT COMPANY v. JOHN E. WATERS.

(Filed 11 December 1963.)

**1. Ejectment § 7—**

A party asserting a right to go upon lands pursuant to an easement has the burden of establishing title to the easement, which it may do by showing title from a common source.

**2. Boundaries § 9—**

It will be presumed that the parties to a deed acted in good faith, the grantor intending to sell and the grantee intending to purchase, and such intent will not be thwarted if the language of the instrument is sufficient to permit the property sold to be identified.

**3. Same—**

A deed describing the lands over which grantor conveyed the easement in suit as lying in a named county, that the lands were "formerly known as West lands," across which ran a power line already owned by the grantee and that the property was bound on one side by the lands of a named person and on the other side by the lands of another named person, *held* sufficiently definite to permit the introduction of evidence *aliunde* to fit the lands to the description.

APPEAL by plaintiff from *Bundy, J.,* First April Regular Civil Session 1963 of WAKE.

Plaintiff alleged: It owned a right of way for the purpose of constructing and maintaining an electric transmission line as described in a deed to it from Southern Insurance & Realty Co., dated 30 July 1927; defendant had prevented it from exercising its rights under said right of way deed and had prohibited it from constructing a line on that part of said right of way which crossed the land owned and occupied by defendant, being the land conveyed to defendant and his wife, Margaret, by R. L. Bryan and wife in August 1961.

Defendant admitted he had prevented plaintiff from entering on the land conveyed to him and his wife. He denied that plaintiff had any legal right to construct or maintain a power line thereon. He prayed that the deed under which plaintiff asserted the right to construct and

maintain be declared a cloud on his title. Margaret, wife of defendant, was on her motion permitted to intervene. She adopted the answer of her husband.

The court, being of the opinion that the deed under which plaintiff asserted title was void, allowed defendant's motion to nonsuit, and plaintiff appealed.

*Charles F. Rouse for plaintiff appellant.*
*Lake, Boyce & Lake by I. Beverly Lake, Jr., for defendant appellees.*

RODMAN, J.　Defendant's denial of plaintiff's title placed the burden of establishing that fact on plaintiff. An approved method of proving title is to show the parties claim under a common source and plaintiff has the older and superior title from that source. *Mobley v. Griffin,* 104 N.C. 112; *Taylor v. Scott,* 255 N.C. 484, 122 S.E. 2d 57; *Tripp v. Keais,* 255 N.C. 404, 121 S.E. 2d 596.

For the purpose of showing the parties derived their titles from a common source, plaintiff offered the deed of 30 July 1927. This deed is recorded in Book 528, p. 249, Register's Office of Wake County. It then offered a deed dated August 1961, from R. L. Bryan and wife to defendant, and next a deed dated 10 January 1948 from Alan Grimsted and wife to Bryan and wife. This deed recites the property conveyed is subject to an easement conveyed in favor of Carolina Power & Light Company appearing of record in Book 528, p. 249. The court excluded each of these deeds because, as it stated in the judgment of nonsuit, the deed to plaintiff from Southern Insurance & Realty Co. was null and void as a matter of law. The only reason advanced for holding the deed void is the assertion that the description is too vague to permit the reception of evidence to identify the servient estate.

If the court was correct in the conclusion it reached, manifestly plaintiff could not show that both parties traced title to a common source, since the excluded deed of 30 July 1927 was plaintiff's only source of title to the easement here claimed.

The description in the deed to plaintiff reads as follows: ". . . the right, privilege and easement to construct and operate . . . two tower lines . . . over, upon and across that certain tract or parcel of land situated in ..................... ....... Township, Wake County, North Carolina, formerly known as West lands. The course of the said lines having been heretofore located and marked out for the construction, operation and maintenance of said lines and is described as follows:

"Parallel with and approximately 60 feet on each side of the present tower line now located on said property, said lines beginning on a westerly line of the lands of Bettie H. Reavis and continuing parallel with tower line above mentioned across property of grantors to an easterly property line of the lands of E. B. Crow, et al. It being understood that Carolina Power & Light Company already owns a right of way 100 feet in width upon which the present tower line is now situated and it is the intention of this instrument to grant an additional right of way 35 feet in width on each side of the present 100 foot right of way."

The deed to plaintiff recites a valuable consideration. Presumably the parties acted in good faith—grantor intended to sell and grantee intended to purchase. That purpose ought not to be thwarted if the language is sufficient to permit the property sold to be identified. *Duckett v. Lyda,* 223 N.C. 356, 26 S.E. 2d 918; *Robertson v. Robertson,* 253 N.C. 376, 116 S.E. 2d 849; *Lee v. Barefoot,* 196 N.C. 107, 144 S.E. 547; *Edwards v. Bowden,* 99 N.C. 80.

The deed says the land is in Wake County and was "formerly known as West lands." It further declares that plaintiff was, on 30 July 1927, the owner of a power line 100 feet across the property and that the property was bounded on the east by the lands of Bettie Reavis and on the west by the lands owned by E. B. Crow and others.

Where property either real or personal has a known and commonly used and recognized name, the use of this name to describe and identify the property sold is an adequate description, that is, it is sufficient to permit the introduction of evidence to show that the property claimed is in fact the property named. Individuals are usually identified by their names, but other means may be used to identify them, such, for instance, as fingerprints or scars.

For the purpose of identifying the property made subject to the easement, plaintiff was entitled to put in evidence the deed to it and then by parol proof show that the property was "formerly known as West lands." Plaintiff might also show that its grantor only owned one piece of land then crossed or subject to an easement for the maintenance of its power line and bounded on the east by Bettie Reavis and on the west by the lands of E. B. Crow and others. The court's refusal to receive the deed in evidence foreclosed plaintiff's opportunity to show where the property was located. Plaintiff may or may not be able to locate on the ground the land described in the deed, but it must not be foreclosed of that right on the theory that the description is so vague and indefinite as to render it impossible to fit any piece of land to the given description. *Self Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E. 2d

889; *Timber Co. v. Yarborough,* 179 N.C. 335, 102 S.E. 630; *Speed v. Perry,* 167 N.C. 122, 83 S.E. 176; *Norwood v. Totten,* 166 N.C. 648, 82 S.E. 951; *Allen v. Sallinger,* 108 N.C. 159; 26 C.J.S. 647.

Reversed.