Oliver v. Ernul

———

GARFIELD OLIVER AND RICHARD A. SUTTON v. FRED ERNUL, LUZZIE ERNUL AND GRACE STAMPS

No. 703DC377

(Filed 5 August 1970)

1. Easements §§ 2, 8— creation of easement by writing — extent of easement

In plaintiffs' action to have defendants restrained from obstructing plaintiffs' right-of-way through lands owned and occupied by the defendants, plaintiffs' paperwriting exhibit, which was described as a "Rightaway Deed" and which was purportedly executed by one of the plaintiffs and by the defendants, *held* sufficient to create a twenty-foot easement through the lands in question, thereby allowing plaintiffs to reach a highway; although the public generally would have no rights in the twenty-foot right-of-way, the plaintiffs and their respective successors in title have the right to use the easement as a means of ingress and egress to and from their properties.

2. Easements § 1— creation of easement

Easements may be acquired by grant, dedication, or prescription.

APPEAL by plaintiffs from *Roberts, District Judge,* 15 December 1969 Session, CARTERET District Court.

This action was instituted by plaintiffs to have defendants restrained and enjoined from obstructing a right-of-way which plaintiffs allege they own over lands owned by defendants Ernul and occupied by defendant Stamps.

Admissions in the pleadings and plaintiffs' evidence tended to show: Prior to June 1954 Ernul acquired Lots 1, 2 & 3 of the Mike Ebron Subdivision west of Morehead City. The property is located between U. S. Highway No. 70 and the A. & E. C. Railroad, with approximately 68 feet frontage on the north side of said highway, approximately the same frontage on the south side of the railroad and a depth of approximately 634 feet. In June 1954 Ernul conveyed the northern portion of the property adjoining the railroad to one Mansfield and the center

portion to plaintiff Oliver and wife, retaining the southern portion on which he constructed a dwelling house now occupied by defendant Stamps. Plaintiffs' exhibit No. 1 is a paperwriting purportedly executed by plaintiff Oliver and wife, Mansfield and wife, and Ernul and wife in words and form in pertinent part as follows:

> "This Rightaway Deed Made this 19th day of December, A.D. 1964 by and between Garfield Oliver and wife, Grace Oliver; Melvin Mansfield and wife, Edna Mansfield; Fred Ernul and wife, Luzie Ernul.
>
> We, the undersigned, do hereby give, grant, bargain and convey a 20-foot rightaway for public use for now and for ever more.
>
> Described as follows:
>
> In Morehead Township, in the Mansfield Section, lying between A. and E. C. Railway on the North Hwy 70 on the South. The Mike Ebron Subdivision Running a Southerly direction Bounded on the East by George Huntley line and on the West, by Fred Ernul, Garfield Oliver and M. L. Mansfield line."

The instrument was recorded in Carteret County Registry on 8 February 1965.

In March 1969 Mansfield conveyed his lot to plaintiff Sutton. Plaintiffs have built houses on their respective lots and prior to July 1969 used a small road leading from U. S. Highway 70 to plaintiff Sutton's lot. About half of the road was on the eastern side of the original Ernul property and the other half on the adjoining property now or formerly owned by George Huntley. In July 1969 the owner or lessee of the Huntley property installed a chain-link fence along their western boundary, thereby taking approximately half of the road theretofore used by plaintiffs. Ernul's house was located approximately 15 feet from his eastern line. After the fence was installed, plaintiffs began using all the space between Ernul's house and the fence in getting to and from their homes. Defendant Stamps placed obstructions in the space and made threats to plaintiffs to prevent them from traveling between the house occupied by her and the fence.

At the close of plaintiff's evidence, defendants' motion for involuntary nonsuit was allowed and from judgment predicated thereon plaintiffs appealed.

*Boshamer & Graham by Otho L. Graham for plaintiff appellants.*

*Thomas S. Bennett for defendant appellees.*

BRITT, J.

Did the trial court err in granting defendants' motion for judgment as of involuntary nonsuit (this action being tried prior to 1 January 1970) ? Considering the evidence and the admissions in the pleadings in the light most favorable to plaintiffs, we hold that it did.

[1]  We hold that plaintiffs' exhibit No. 1, although poorly drafted, if proven over defendants' denial is sufficient as a deed creating a twenty-foot easement extending from U. S. Highway No. 70 to the A. & E. C. Railroad and adjacent to the eastern line of the land originally owned by Ernul. In *Hine v. Blumenthal,* 239 N.C. 537, 80 S.E. 2d 458, our Supreme Court, as stated in the ninth headnote of the opinion, held:

> "The conveyance of an easement will be construed to effectuate the intent of the parties as expressed in the instrument, and if the language is ambiguous the court will give it an interpretation which will effect a rational purpose and not one which will produce an unusual and unjust result."

But, defendants contend that an offer of dedication of land to the public must be followed by an acceptance on its part in some recognized legal manner and cite *Wright v. Lake Waccamaw,* 200 N.C. 616, 158 S.E. 99. We recognize that principle and do not hold that the public generally has any rights in the twenty foot right-of-way, but we do hold that the owners of the three parcels of land involved in this action and their respective successors in title have the right to use said right-of-way as a means of ingress and egress to and from their properties.

Our search has failed to reveal a court decision directly in point but we think the following language in *Hine v. Blumenthal, supra,* is analogous:

> "In this jurisdiction it is well settled that when land is subdivided into lots and a map is made thereof, showing streets and alleys, and lots are sold with reference to such map, the owner of the subdivision thereby dedicates the streets and alleys to the use of those who purchase the lots;

and it makes no difference whether the streets and alleys be in fact opened or accepted by the governing board of the town or city in which the property lies. *Lee v. Walker,* 234 N.C. 687, 68 S.E. 2d 664; *Russell v. Coggin,* 232 N.C. 674, 62 S.E. 2d 70 * * *."

[2]    Easements may be acquired by grant, dedication, or prescription. *Green v. Barbee,* 238 N.C. 77, 76 S.E. 2d 307, 46 A.L.R. 2d 455. It would appear that if the owners of lots in a subdivision under the conditions above quoted acquire by dedication the right to use streets and alleys then plaintiffs herein, by virtue of their exhibit No. 1, would acquire by grant the right to use the twenty-foot right-of-way in question.

We note that defendants deny the execution of plaintiffs' exhibit No. 1 and, of course, they are entitled to have that question properly passed upon.

For the reasons stated, the judgment appealed from is

Reversed.

CAMPBELL and VAUGHN, JJ., concur.