CLIFTON RANDOLPH BROYHILL AND WIFE, GERRI LYNN BROYHILL v. CARTER P. COPPAGE AND WIFE, NORMA BEANE COPPAGE

No. 8525SC291

(Filed 4 February 1986)

1. **Easements § 7.1— easement by necessity—use of roadways before lifetime of witness**

In an action to establish an easement by necessity, the trial court did not err in allowing witnesses to testify regarding the use of the local roadways before their lifetimes since reputation as to customs affecting land is not excluded by the hearsay rule and is not limited to the lifetime of the witness. N.C.G.S. 8C-1, Rule 803(20).

2. **Easements § 7.1— easement by necessity—maintenance and blockage of roadway**

In an action to establish an easement by necessity, evidence that plaintiffs maintained and repaired the disputed roadway and that defendants blocked it, while not highly probative, did not change the overall tenor of the evidence and was not prejudicial to defendants.

3. **Easements § 5— easement by necessity—common ownership**

In order to establish an easement by necessity, it is not necessary to show that the adjoining properties were ever a single tract but only that the adjoining tracts at one time had a common owner.

4. **Easements § 5.3— easement by necessity—sufficiency of evidence**

Plaintiffs' evidence was sufficient to show a necessity for an easement in a roadway across defendants' property at the time of conveyance of plaintiffs' tract from a common ownership in 1931 where it tended to show that, although a second roadway existed across the land of a stranger to plaintiffs' title, this roadway sometimes became impassable and the disputed roadway was used equally with the second roadway.

5. **Easements § 5— location of easement by necessity**

Where a way of necessity is determined to exist, if at the time of the separation of the two estates there was a way in use, plainly visible and known to the parties, the plainly visible and known way will be held to be the location of the way granted unless it is not reasonable and convenient for both parties.

APPEAL by defendants from *Sitton, Judge.* Judgment entered 23 October 1984 in Superior Court, CALDWELL County. Heard in the Court of Appeals 5 November 1985.

In this declaratory judgment action plaintiffs sought and obtained a declaration that they enjoyed an easement by necessity across defendants' land. Defendants appeal.

*Wilson and Palmer, by W. C. Palmer, for defendant-appellants.*

*Beverly T. Beal for plaintiff-appellees.*

EAGLES, Judge.

The parties own adjoining land. The two tracts were owned between 1914 and 1931 by Nannie Carter, the great-grandmother of plaintiff Clifton Randolph Broyhill and the grandmother of defendant Carter P. Coppage. Plaintiffs acquired their tract in 1981, at which time they had access to their land only by a road across defendants' land. A dispute arose over plaintiffs' use of the road. Defendants placed gates across the road and told plaintiffs they could not use it. This action followed.

At trial, plaintiffs produced evidence that there once existed two roads to their property, the disputed one and one across the land of a stranger, Wyke. At one time they were used equally. Part of the disputed road was part of an old mail route, which had been used for many years. Part of it was used primarily as a cow path. On occasion, the Wyke road would "morrow up" and become impassable despite plaintiffs' predecessors' efforts, including spreading gravel. In 1961, the disputed road was bulldozed and graveled. Plaintiffs' predecessors built a fence across the Wyke road, and "closed it up." Part of the Wyke road has been covered by a fish pond. Plaintiffs and their predecessors have at various times undertaken maintenance of the disputed road.

Defendants did not offer any evidence. The jury considered one issue, whether plaintiffs were entitled to a right of way across defendants' land "because of necessity." They answered "yes." From the judgment granting an easement along the existing roadway and restraining defendants from interfering with its use, defendants appeal.

I

The reported decisions of our courts regarding easements by necessity are few. Defendants cite only *Oliver v. Ernul*, 277 N.C. 591, 178 S.E. 2d 393 (1971), on which plaintiffs also rely. Accordingly we review *Oliver* before proceeding to the merits.

In *Oliver*, defendants owned three lots, located between a highway and railroad tracks and bounded on the sides by lands of

Broyhill v. Coppage

strangers. Defendants sold plaintiffs two of the lots, retaining their homeplace which was the only lot with road frontage. The railroad was not safely passable by car. Along the edge of defendants' land, defendants attempted to close the dirt path which led to the highway. The trial court allowed defendants' motion for nonsuit.

On appeal, the Supreme Court affirmed the decision of this court reversing nonsuit, 9 N.C. App. 221, 175 S.E. 2d 618 (1970), on the ground that the circumstances revealed that plaintiffs had a way of necessity. The court stated the general law:

"When one part of an estate is dependent of necessity, for enjoyment, on some use in the nature of an easement in another part, and the owner conveys either part without express provision on the subject, the part so dependent carries or reserves with it an easement of such necessary use in the other part. . . . [P]roperty owners cannot claim a right-of-way of necessity over the lands of a stranger to their title. However, it is not necessary that the person over whose land the way of necessity is sought be the immediate grantor, so long as there was at one time common ownership of both tracts." [Citations omitted.] Furthermore, to establish the right to use the way of necessity, it is not necessary to show absolute necessity. It is sufficient to show such physical conditions and such use as would reasonably lead one to believe that the grantor intended the grantee should have the right of access. [Citations omitted.]

277 N.C. at 599, 178 S.E. 2d at 397. Applying these principles, the court held that under the circumstances defendant-grantors impliedly granted plaintiffs a way of necessity across defendants' retained property. Since there was a plainly visible known way already on the land, the court held that absent a showing that the plainly visible known way would be unreasonable and inconvenient for both parties it would be held to be the location of the way impliedly granted. *Id.*

We note that defendants contend that plaintiffs must show under *Oliver* that they have no "legally enforceable right of access to a public road." We do not find that language in the case, nor do we read it to impose that requirement. *See* 2 G. Thompson, Real Property Section 364 at 442-43 (J. Grimes repl. ed. 1961)

(may arise even where other very inconvenient access exists). The required showing involves "physical conditions" and "use," not absolute legal right.

## II

Defendants' first four assignments of error attack the admission of evidence of various matters. Assuming error, *arguendo*, the introduction of inadmissible evidence by itself will not require reversal; the appellant must demonstrate that the error was prejudicial, *i.e.*, that it probably influenced the verdict of the jury. *Collins v. Lamb*, 215 N.C. 719, 2 S.E. 2d 863 (1939); G.S. 1A-1, R. Civ. P. 61. The chief argument raised is that the evidence admitted was irrelevant. *See* G.S. 8C-1, R. Ev. 402. The definition of relevance is broad, and does not encompass only facts actually in dispute. *See* G.S. 8C-1, R. Ev. 401. Particularly in a civil case, the appellant must bear a heavy burden if the only asserted ground of inadmissibility is factual irrelevance, as opposed to unfairness or tendency to mislead. *See* G.S. 8C-1, R. Ev. 403.

## A

We note initially that many of the objections on which these assignments of error are based were only general objections, and hence technically ineffective to preserve the questions argued on appeal. G.S. 8C-1, R. Ev. 103(a); 1 H. Brandis, N.C. Evidence Section 27 (1982).

## B

[1] Defendants argue that the court erred in allowing witnesses to testify regarding the use of the local roadways before their lifetimes. Reputation as to customs affecting land is not excluded by the hearsay rule. G.S. 8C-1, R. Ev. 803 (20). It is not limited to the lifetime of the witness. *See Threadgill v. Town of Wadesboro*, 170 N.C. 641, 87 S.E. 521 (1916) (reputation of tree as marker; discussing evidence going back to 1783). *See also County of Darlington v. Perkins*, 269 S.C. 572, 239 S.E. 2d 69 (1977) (private journals admissible to show historic use of right-of-way by public). The evidence was properly admitted.

## C

[2] Defendants argue that the court erred in admitting evidence that plaintiffs maintained and repaired the disputed roadway.

Assuming error in admitting the evidence, *arguendo*, it does not appear that the disputed evidence materially affected the jury's findings. Evidence admitted elsewhere without objection indicated that plaintiffs' predecessors had bulldozed the road and used it and that plaintiffs understood they were continuing that use. Their maintenance of the road, while not necessarily probative, did not materially change the tenor of the evidence. We note that plaintiffs need not show absolute necessity; rather they must show "such physical conditions and such use as would reasonably lead one to believe that the grantor *intended* the grantee should have the right of access." *Oliver v. Ernul, supra.* North Carolina, like most other jurisdictions, appears to allow evidence of use and other circumstances evidencing intent to determine whether a way exists by necessity. *See* 2 Thompson, Real Property, *supra* Section 364 at 432-34. This assignment is accordingly overruled.

### D

Defendants also assign error to the admission of evidence that they blocked the disputed roadway. Again, while the evidence was not highly probative, it did not change the overall tenor of the evidence. It did serve to place the dispute in context for the jury. We note that defendants did not object at trial that this evidence was needlessly cumulative, nor does it appear that the evidence could have misled the jury in any way. *See* G.S. 8C-1, R. Ev. 403. We note that discretionary rulings under the identical Federal Rule 403 "will rarely be disturbed on appeal." *Chase v. Consolidated Foods Corp.*, 744 F. 2d 566, 571 (7th Cir. 1984). This assignment is also overruled.

### E

Defendants object to the admission of an answer regarding the distance of their house from the road. For the reasons discussed in the preceding section, and also because of the isolated nature of the answer, this assignment is also overruled.

### III

Defendants' next two assignments of error challenge the denial of their motions for directed verdict. A motion for directed verdict must state the grounds therefor, G.S. 1A-1, R. Civ. P. 50(a), and grounds not asserted in the trial court may not be asserted on appeal. *Lee v. Keck*, 68 N.C. App. 320, 315 S.E. 2d 323,

*disc. rev. denied,* 311 N.C. 401, 319 S.E. 2d 271 (1984). On a directed verdict motion, the record is reviewed in the light most favorable to the non-moving party, resolving all conflicts in its favor and giving it the benefit of every favorable inference. If there is more than a scintilla of evidence supporting each element of non-movant's case, the motion for directed verdict should be denied. *Clark v. Moore,* 65 N.C. App. 609, 309 S.E. 2d 579 (1983); *Tripp v. Pate,* 49 N.C. App. 329, 271 S.E. 2d 407 (1980).

### A

[3]   The first ground urged by defendants is that plaintiffs failed to produce any evidence that the adjoining properties were ever a single tract. In the trial court defendants failed to urge this ground as justification for a directed verdict, however. In any event, we have found no authority that mere designation of tracts is controlling. What is necessary for an easement by necessity, and what plaintiffs have adequately shown, is that the adjoining tracts have at one time had a common owner. *Oliver v. Ernul, supra* ("common ownership"); 2 Thompson, Real Property, *supra,* Section 363 at 426 ("belonged to same person"). To require that adjoining tracts have been at one time one and the same tract would allow formalities of surveying to defeat the policies underlying the law's recognition of easements by necessity. *See id.* Section 362.

### B

[4]   Defendants' second asserted ground for directed verdict (properly raised at trial) is that there existed no necessity for the easement at the time of conveyance of the tract from common ownership in 1931. Since another roadway existed and was used in 1931, argue defendants, plaintiffs failed to present a *prima facie* case.

Defendants correctly assert that the easement must arise, if at all, at the time of the conveyance from common ownership. *See Smith v. Moore,* 254 N.C. 186, 118 S.E. 2d 436 (1961). There was evidence that another roadway existed, across Wyke's land, in 1931. However, there was also evidence that this roadway sometimes became impassable and that the disputed roadway was used equally with the Wyke Road. An examination of the various conveyances in the record discloses no transfer, in 1931 or thereafter,

of an easement across the Wyke land, nor any common ownership of plaintiffs' and Wyke's land. As noted earlier, the law does not require that the easement be one of *absolute* necessity, nor does it allow an easement by necessity across the lands of strangers to the title. *Oliver v. Ernul, supra*; 2 Thompson, Real Property, *supra*, Section 364. The circumstances above constitute more than a scintilla of evidence that the grantor intended to allow plaintiffs' predecessors continued use of the road at the time of the conveyance in 1931. *Oliver v. Ernul, supra*. To the extent that other circumstances may have existed which might defeat plaintiffs' claim, defendants failed to produce any evidence of them.

### C

In arguing their motions to the trial court, defendants cited as authority *McCracken v. Clark*, 235 N.C. 186, 69 S.E. 2d 184 (1952) and *Speight v. Anderson*, 226 N.C. 492, 39 S.E. 2d 371 (1946). Neither case is authoritative since neither deals with an easement arising by necessity after conveyance from common ownership. *McCracken* involved an affirmative defense of adverse use, and *Speight* dealt with the establishment of a public way either by legislative action or prescription.

### D

We conclude that the court correctly denied defendants' motions for directed verdict. Defendants' next assignment of error, that the court erred in instructing the jury on easement by necessity, rests on the same asserted lack of evidence, and is therefore overruled along with these assignments. We therefore find no error in submission of the issue to the jury.

### IV

[5] The only remaining question involves the relief granted. The trial court entered judgment granting plaintiffs an easement along the existing roadway. Defendants assign error, arguing that under *Oliver v. Ernul, supra*, they have the right to select the location of the way. Their right, however, is not absolute. Where a way of necessity is determined to exist, if at the time of the separation of the two estates there was a way in use, plainly visible and known to the parties, the plainly visible and known way will be held to be the location of the way granted unless it is not reasonable and convenient for both parties. *Id.* There was sub-

stantial evidence that the existing road follows paths and roads in existence in 1931. A jury could find, especially in view of the absence of any evidence that the existing road was unreasonable or inconvenient for defendants, that the existing way was the way impliedly granted. *See id.* Defendants did not present any evidence. Since at the time a way of necessity was impliedly granted in 1931 there was in use on the land a way plainly visible and known to the parties, this way will be held to be the location of the way granted, because there is no evidence of record that it is not a reasonable and convenient way for both parties. *Oliver v. Ernul, supra.* The fact that there were some minor alterations to the existing routes in 1961 appears to be *de minimis*, especially in light of defendants' acquiescence over a period of approximately twenty years. Defendants have failed to show prejudicial error in the judgment. No other prejudicial error being shown, the judgment may not be disturbed on appeal.

No error.

Chief Judge HEDRICK and Judge WELLS concur.