JIM PRIDGEN, EVELYN SMITH, AND ALLEN McCALL v. SHORELINE DISTRIBUTORS, INC., J. LAWRENCE LONG, ED KIRKLAND, DOUGLAS M. JACKSON, MORRIS ALLEN, BETTY COLVILLE, AND BILLY BRYAN

No. 9316DC357

(Filed 15 March 1994)

### Fraud, Deceit, and Misrepresentation § 38 (NCI4th)— sale of business—fraudulent concealment

In an action to recover the balance due from the sale of plaintiffs' business to defendants, the evidence was sufficient to be submitted to the jury on the issue of fraudulent concealment by plaintiffs of a material fact where it tended to show that plaintiffs represented to defendants that they would sell the business and its assets including their rights to certain franchise agreements; plaintiffs in fact did not have any exclusive franchise agreements; the business's relationship with certain suppliers was troubled by past debts and deficien-

cies which were not disclosed to defendants; plaintiffs assured defendants that their business was in good financial condition when, in fact, the business had been operating at a loss; and plaintiffs promised to deliver all books and records of the business, but failed to do so.

**Am Jur 2d, Fraud and Deceit §§ 468 et seq.**

Appeal by plaintiffs from judgment entered 29 September 1992 by Judge J. Stanley Carmical in Robeson County District Court. Heard in the Court of Appeals 31 January 1994.

On 30 September 1987, plaintiffs, the owners of Shoreline Distributors, Inc., entered into an agreement to sell which provided for the sale of the business and its assets, including its inventory and rights under certain purported "franchise agreements." The agreement provided that the business would be conveyed to buyers, including Larry Long and other unnamed individuals. On 9 October 1987, the parties closed and the business was conveyed to J. Lawrence Long, Ed Kirkland, Douglas M. Jackson, Morris Allen, Betty Colville, and Billy Bryan (hereinafter defendants). The buyers paid $30,000 at the signing of the agreement, $5,000 at closing, and gave the sellers a $30,000 note for the balance of the $65,000 purchase price.

Defendants failed to pay the entire amount of the $30,000 promissory note. On 9 March 1989, plaintiffs brought this action to collect the balance due on the note of approximately $23,000. Defendants filed a counterclaim against plaintiffs alleging fraudulent concealment and a crossclaim against defendant Long alleging fraudulent concealment. Defendants later amended their counterclaim to allege fraud and an unfair and deceptive trade practice.

At trial, the trial court directed a verdict against defendants for the amount due on the purchase money promissory note of $22,693.77, plus interest.

The jury found that defendant Long was not acting as the agent of plaintiffs and had not committed any fraudulent acts. The jury further found that defendants were "induced to purchase the corporation, Shoreline Distributors, Inc., and its assets, by the fraudulent concealment by the plaintiffs of the status of distributorship agreements" and were damaged by plaintiffs in the amount of $63,560.67. The trial court entered an order allowing treble

PRIDGEN v. SHORELINE DISTRIBUTORS, INC.

[114 N.C. App. 94 (1994)]

damages after finding an unfair and deceptive trade practice. The court then entered judgment on the jury verdict.

Plaintiffs filed a motion for a new trial, motion for judgment notwithstanding the verdict, and a motion for relief from the judgment on the grounds of excusable neglect. These motions were denied. Plaintiffs appeal.

*Herbert H. Thorp; W. Osborne Lee, Jr.; and J. Gates Harris, for plaintiffs-appellants.*

*Page & Page, P.A., by Richmond H. Page; and Bowen & Byerly, by Woodberry L. Bowen, for defendants-appellees.*

WELLS, Judge.

Plaintiffs bring forward several assignments of error for our review. Plaintiffs contend, *inter alia*, that defendants did not present sufficient evidence for the jury to consider the issue of fraudulent concealment by plaintiffs of a material fact and that the trial court should have reduced the damages awarded defendants for fraud by the balance due on the purchase money promissory note.

Plaintiffs first argue that the trial court erred by allowing the jury to consider the issue of fraudulent concealment by the plaintiffs of a material fact because there was not sufficient evidence to support such a claim; therefore, plaintiffs' motion for directed verdict on that issue should have been granted. We find no merit to this contention.

The purpose of a motion for a directed verdict is to test the legal sufficiency of the evidence to take the case to the jury and to support a verdict for the nonmoving party. *Wallace v. Evans*, 60 N.C. App. 145, 298 S.E.2d 193 (1982). In considering a motion for a directed verdict, the evidence must be considered in the light most favorable to the nonmoving party, and the nonmovant is entitled to the benefit of all reasonable inferences. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E.2d 678 (1977). The motion for directed verdict should be denied if there is more than a scintilla of evidence supporting each element of the nonmovant's case. *Broyhill v. Coppage*, 79 N.C. App. 221, 339 S.E.2d 32 (1986).

Defendants (nonmovants) presented evidence that plaintiffs fraudulently failed to disclose to them the status and nature of the distributorship agreements of Shoreline. Defendants' evidence

PRIDGEN v. SHORELINE DISTRIBUTORS, INC.

[114 N.C. App. 94 (1994)]

tended to show that in their agreement to sell, plaintiffs represented to defendants that they would sell the business and its assets, including their rights to the franchise agreements which Shoreline had with "Five Star Seals" and "Flex-A-Seal." The evidence showed that, in fact, plaintiffs did not have any exclusive franchise agreements, they did not have any formal agreement with Flex-A-Seal, they did not have a right to sell in some of the territories they claimed to hold exclusively, and Shoreline's relationship with Flex-A-Seal and Five Star was troubled by past debts and deficiencies which were not disclosed to defendants.

Defendants' evidence also showed that plaintiffs assured defendants that Shoreline was in good financial condition and promised to deliver to defendants all books and records of the corporation at closing. The evidence further showed that plaintiffs failed to deliver certain documents to defendants which showed that Shoreline had been operating at a loss.

Here there was ample evidence from which the jury could infer that plaintiffs fraudulently concealed relevant facts from defendants. We therefore hold that the evidence in this case was sufficient to permit the jury to decide whether plaintiffs were guilty of fraudulent concealment. This argument is overruled.

Plaintiffs argue that the trial court should have reduced the damages awarded defendants for fraud by the balance due on the purchase money promissory note. We cannot agree.

We first note that plaintiffs did not seek any such relief from the trial court. We next note that plaintiffs have not provided any factual support for this argument. The record is clear that the damages awarded defendants by the jury were supported by the evidence, and finally, the trial court's judgment awarded recovery of the balance due on the note to plaintiffs. This argument is overruled.

We have carefully reviewed plaintiffs' remaining arguments and find them to be without merit.

No error.

Judges JOHN and McCRODDEN concur.