CARROLL H. SMITH v. MATT R. MOORE AND MILTON R. MOORE.

(Filed 1 March, 1961.)

**1. Highways § 11—**

    If a road was existent as a public way, the fact that it was not taken over and maintained by the State Highway Commission, would not constitute it a private way. G.S. 136-67.

**2. Same—**

    Evidence that prior to 1929 a road existed across certain lands from a river to another highway, that such way was used by the public at large, at its convenience, in going to fishing camps located on the river, but that the road was not taken over for maintenance by the State Highway Commission, is sufficient to be submitted to the jury as to whether such road remained a neighborhood public road.

**3. Easements § 3—**

    A deed to lands and the privileges appurtenant conveys not only the lands described but also easements existent at the time of the convey-

ance which are so apparent and beneficial to the use of the land conveyed as to lead to the conclusion that the parties contemplated that such easements should continue as reasonably necessary to the fair and convenient enjoyment of the land.

**4. Same—**

An easement appurtenant is not dependent upon the complete absence of other ingress and egress and it is not required that it be absolutely necessary to the enjoyment of the land, but the existence of another way may be material if such other way affords such convenient access to the property as to permit a reasonable inference that the grantor did not intend that the asserted easement appurtenant should remain open for the fair and convenient enjoyment of the property.

**5. Same—**

If lands conveyed by the grantor are entirely shut off from access to a public way by other lands retained by the grantor, the law will assume that the grantor intended for his grantee to enjoy the land conveyed and will imply an easement by necessity, which may be established pursuant to G.S. 136-69.

**6. Appeal and Error § 42—**

Conflicting instructions upon a material aspect of a case must be held prejudicial.

APPEAL by plaintiff from *Sink, E. J.* October 3, 1960 Term, of Craven.

Plaintiff instituted this action in June 1960 to enjoin defendants from an asserted continuing trespass committed by using a road on plaintiff's land in traveling from their property to the public highway known as the Adams Creek Road.

To support his claim plaintiff alleged he and defendants owned adjoining properties. These lands were originally one tract owned by C. C. Smith, who conveyed the southern portion to plaintiff and the northern portion to his daughters, who conveyed to defendants. Plaintiff's southern boundary is the public highway known as Adams Creek Road. Defendants' northern boundary is Neuse River. The deeds made by C. C. Smith were both dated 19 January 1951 and recorded 9:00 a.m., 20 January 1951. A road crosses plaintiff's land, extending from the Adams Creek Road northwardly to the lands of defendants, and then northwardly to the dwelling formerly occupied by C. C. Smith. Said road is a mere private way, is not, and has never been a public way, and is not maintained by any public authority. Plaintiff forbade defendants to use the road in crossing his property to get to the public highway. Nonetheless, defendants continued to use it. In addition to injunctive relief he seeks damages resulting from unauthorized use.

Defendants admitted the ownership of the respective tracts of land and the existence of a road extending northwardly from the Adams

Creek Road across lands of plaintiff to the residence now occupied by defendants, formerly occupied by the common ancestor, C. C. Smith. They admit the road is not presently maintained by any state authority. They deny the allegation that it has never been a public way and aver that it is and has been used by the public as of right. They allege C. C. Smith conveyed to their ancestor in title "with all privileges and appurtenances and with full warranties and that the said land was sold to the defendants by warranty deed with all privileges and appurtenances thereunto belonging. . ." They make no other specific averment entitling them to affirmative relief. They pray that plaintiff take nothing and "that the court enter a judgment in proper form declaring that the defendants have an easement by prescription and appurtenant over and across the said road. . ." The cause was without exception submitted to the jury on issues which the jury answered as follows:

"1. Does the plaintiff own the lands described in the Complaint free and clear of any easement, as alleged by the plaintiff?

"Answer: No.

"2. Are the defendants entitled to the easement in the specific roadway leading or running northwardly across the lands of the plaintiff from Adams Creek Road to the Neuse River, as alleged by the defendants?

"Answer: Yes."

Judgment was entered declaring plaintiff not entitled to recover and "that the plaintiff shall not interfere with the defendants in their use of the easement appurtenant." It was further adjudged "that defendants' pleadings be, and they are hereby amended, in furtherance of justice, conforming the pleadings to the facts proved and the verdict to the extent allowed by G.S. 1-163."

No amended pleadings appear to have been filed by defendants. From the judgment entered, plaintiff appealed.

*H. P. Whitehurst, David S. Henderson, and Ward & Tucker for plaintiff, appellant.*

*Robert G. Bowers and John W. Beaman for defendant, appellees.*

RODMAN, J. Much of the difficulty of determining the applicable legal principles stems from the failure to plainly and concisely state the facts as required by G.S. 1-122 and 135. This failure seemingly beclouded the determinative issues. Giving the pleadings that liberal interpretation required by statute, G.S. 1-151, these issues arose: (1) Was the road from defendants' residence to the Adams Creek Road, when C. C. Smith conveyed to his children, a neighborhood

road as defined by G.S. 136-67? (2) If not, was it appurtenant to the property now owned by defendants?

Plaintiff alleged the road was not maintained by public authority, was not and never had been a public road. Defendants admitted the road was not now maintained as a public way. They denied the allegation with respect to its use as a public highway. They alleged present and long previous use by the public.

The rights of the parties must be determined by conditions existing in January 1951 when C. C. Smith conveyed to his children.

The evidence is sufficient to show: C. C. Smith, in 1929, moved from the southern portion of his land now owned by plaintiff to the residence now occupied by defendants; for many years prior thereto a road existed from Adams Creek Road across the Smith land to Neuse River; this road served fishing camps located on the river and was used by the public at large at its convenience. The evidence is sufficient to warrant a finding that this road was, prior to 1929, a public way.

Prior to 1929 we had a dual system for the creation and maintenance of public highways. Some were the sole responsibility of the State, others the responsibility of counties or townships. Beginning in 1929 (c. 40, P.L. 1929) the State acted to relieve local units from the burden of maintaining local roads. The burden was placed on the Highway Commission, but it was not required to maintain all local roads. The failure of the Highway Commission to maintain a particular road did not solely, because of that fact change the road to a private way. When C. C. Smith conveyed to his children in 1951, the law determining the character of a public road abandoned by the Highway Commission was as now codified in G.S. 136-67.

The evidence was sufficient to support but not to compel a finding that the road in question in January 1951 served a public purpose and as a means of ingress and egress to people other than C. C. Smith, and because of such public service defendants had the right to use it as a neighborhood road. *Woody v. Barnett*, 235 N.C. 73, 68 S.E. 2d 810. Because of this evidence the court correctly declined to allow plaintiff's motion for a directed verdict.

If the road was not, because of public use or need, a neighborhood road in 1951, defendants were not necessarily excluded from the use thereof. It was open to them to show, if they could, that their right to use was so incidental to the enjoyment of the property conveyed that the law implied the right as appurtenant to the southern parcel, plaintiff's property, to reach Neuse River, and appurtenant to defendants' property to reach Adams Creek Road. Each deed by express language conveyed the privileges appurtenant to the land there described.

An appurtenance is defined by Webster as: "1. That which belongs to something else. . . 2. In common parlance and legal acceptation, something belonging to another thing as principal and passing as an incident to it, as a right of way or easement to land. . ."

The right to use a road or other easement may arise from the use of the word "appurtenant" or "appurtenance" because of conditions existing at the time of the grant so apparent and beneficial to the thing granted as to lead to the conclusion that the parties contemplated these physical conditions would continue as reasonably necessary to the enjoyment of the property conveyed. *Potter v. Potter*, 251 N.C. 760, 112 S.E. 2d 569; *Barwick v. Rouse*, 245, N.C. 391, 95 S.E. 2d 869; *Bradley v. Bradley*, 245 N.C. 483, 96 S.E. 2d 417; *Spruill v. Nixon*, 238 N.C. 523, 78 S.E. 2d 323; *Cassidy v. Cassidy*, 141 N.E. 149.

The right of access to property is not, however, limited to easements appurtenant. If one conveys a part of his property entirely surrounded by other lands of the grantor and without any way to the property conveyed, the law, acting upon the assumption that grantor intended for his grantee to enjoy the thing granted, will imply an easement to provide access for a public way. *Carver v. Leatherwood*, 230 N.C. 96, 52 S.E. 2d 1; *Carmon v. Dick*, 170 N.C. 305, 87 S.E. 224; *Lumber Co. v. Cedar Works*, 158 N.C. 161, 73 S.E. 902. *Hetfield v. Baum*, 35 N.C. 394, presents an interesting illustration of such a way impliedly reserved. 28 C.J.S. 699-701. Statutory provision is now made for the establishment and location of easements of this character. G.S. 136-69. Defendants do not claim an easement implied by necessity.

To establish the right to use a road as appurtenant to the property granted, it is not necessary to show absolute necessity. It is sufficient to show such physical conditions and such use as would reasonably lead one to believe that grantor intended grantee should have the right to continue to use the road in the same manner and to the same extent which his grantor had used it, because such use was reasonably necessary to the "fair," *Potter v. Potter, supra,* "full," *Bradley v. Bradley, supra,* "convenient and comfortable," *Meroney v. Cherokee Lodge,* 182 N.C. 739, 110 S.E. 89, *Carmon v. Dick, supra,* enjoyment of his property.

To avoid the effect of the allegation that the road was appurtenant to defendants' property, plaintiff offered evidence that another road existed which, as he contended, afforded defendants such rightful and convenient access to their property as to repel any suggestion that grantor intended that the road in controversy should remain open for the benefit of his grantee.

Related to plaintiff's contention of rightful and convenient access by another way, the court charged: "This litigation arose out of these

contentions, the plaintiff insisting that the defendants Moore had no right and contends and insists that he had another way to get out; they didn't have to use this road. At this point the Court instructs you, ladies and gentlemen of the jury, that whether there was another road or whether there was not is not an issue for you to pass upon here." In substance the jury was informed that the existence of another convenient and comfortable way, existing in January 1951 when Smith conveyed to his children, was not material in determining the rights of the parties.

Plaintiff assigns the quoted portion of the charge as error. True the court subsequently quoted from *Barwick v. Rouse, supra,* and gave the jury the correct rule to determine the rights of the parties. The jury was left with two conflicting rules. This was prejudicial error. *Owens v. Kelly,* 240 N.C. 770, 84 S.E. 2d 163; *Graham v. R.R.,* 240 N.C. 338, 82 S.E. 2d 346; *Godwin v. Cotton Co.,* 238 N.C. 627, 78 S.E. 2d 772.

The parties do not here question the correctness of the charge that plaintiff had the burden of proof. The reformation of the pleadings as permitted by the court may bring this question into proper focus. *McCracken v. Clark,* 235 N.C. 186, 69 S.E. 2d 184; *McPherson v. Williams,* 205 N.C. 177, 170 S.E. 662; *Mt. Holyoke Realty Corporation v. Holyoke Realty Corp.,* 187 N.E. 227; *Oldfield v. Smith,* 24 N.E. 2d 544; 28 C.J.S. 734.

New trial.