JOHN G. WILSON AND WIFE, PEGGY S. WILSON v. CORA EDITH CAVIN SMITH, CLYDE CHRISTY AND WIFE, ADDIE CHRISTY, AND CLAUDE B. CHRISTY AND WIFE, SUE CHRISTY

No. 7319SC208

(Filed 13 June 1973)

1. **Appeal and Error § 6; Easements § 3— grant of way of necessity — failure to perfect appeal — appeal from location of way — exceptions to interim judgment granting way**

Since defendants had an option whether to appeal from the interim judgment granting plaintiffs an easement by way of necessity across defendants' lands or from the judgment locating the easement, their

failure to perfect an appeal from the interim judgment did not vitiate their exceptions thereto and such exceptions could be considered upon appeal from the judgment locating the easement.

**2. Easements § 3— way of necessity**

A way of necessity arises when one grants a parcel of land surrounded by his other land, or when the grantee has no access to it except over the land retained by the grantor or land owned by a stranger.

**3. Easements § 3— way of necessity — sufficiency of findings**

The trial court's conclusion that plaintiffs are entitled to an easement by way of necessity across defendants' lands to a public road is supported by the court's findings that plaintiffs acquired title to their land by warranty deed from defendant grantor, that the other defendants acquired their land by subsequent *mesne* conveyances from defendant grantor, that the tract of land retained from defendant grantor abuts a public highway, that the other defendants' lands lie between that of plaintiffs and defendant grantor, and that although plaintiffs have permissive use of a dirt road across the lands of strangers to their title to a public highway, plaintiffs have been unable to obtain a right-of-way to use such road.        .

Judge VAUGHN dissents.

APPEAL by defendants from *Collier, Judge,* 16 October 1972 Session of Superior Court held in ROWAN County.

Plaintiffs, John G. Wilson and wife, Peggy S. Wilson, instituted this action to establish an easement by way of necessity across defendants' land to a public highway. In March, 1972, the matter was heard before Judge Johnston, sitting without a jury. Judge Johnston made findings of fact which are summarized as follows:

Plaintiffs acquired title to their land by warranty deed from defendant Cora Edith Cavin Smith dated 30 August 1965. On or about 26 September 1965, defendant Smith purported to grant plaintiffs a right-of-way, but this conveyance was improperly executed and was void. Plaintiffs' tract was carved from the rear portion of a tract of land owned by defendant Smith. The tract of land retained by defendant Smith abuts a paved public highway, the Enochville School Road. On 23 February 1968, defendant Smith deeded a tract to one Tilley and wife, who on 6 March 1968 conveyed the same tract to defendants Clyde Christy and Claude B. Christy. Although a dirt road which leads to paved public roads passes through the tract of land owned by plaintiffs, the owners of the other land through which said road passes have refused to grant plaintiffs a right-

of-way to use such road across their lands. Plaintiffs are left with no legally enforceable access to a public road. Plaintiffs have constructed a dwelling upon their property but are unable to procure a deed of trust with which to finance the construction of their home until they procure a legally enforceable right-of-way to an existing public road.

In an "interim judgment" filed 27 March 1972, Judge Johnston concluded that at the time of the conveyance from defendant Cora Edith Cavin Smith to plaintiffs:

> "[T]here was impliedly granted to them by said Cora Edith Cavin Smith an easement by way of necessity from the tract of land owned by plaintiffs across the tract owned by the defendant, Cora Edith Cavin Smith, to the said Enochville School Highway so as to provide the plaintiffs their only means of egress and ingress and that the tract of land . . . which has come to the defendants, Clyde Christy and Claude B. Christy through *mesne* conveyances from the defendant, Cora Edith Cavin Smith, remains burdened with said easement by way of necessity in favor of the plaintiffs."

Thereupon, Judge Johnston ordered that a jury of view of three disinterested freeholders be appointed to "lay off an easement across the tracts owned by defendants of not less than eighteen feet in width providing plaintiffs with a reasonable means of access to the Enochville School Highway." Defendants excepted to the conclusions and judgment of Judge Johnston and gave notice of appeal on 31 March 1972. On 21 April 1972, counsel for plaintiffs filed a motion to dismiss defendants' appeal for failure to serve a case on appeal within the time prescribed by statute. Plaintiffs' motion was allowed by order of Judge Johnston filed 4 May 1972. On 27 September 1972, the jury of view filed its report; whereupon, counsel for plaintiffs filed a "Motion for Final Judgment," which motion was allowed by order of Judge Collier filed 16 October 1972, granting plaintiffs a permanent easement by way of necessity, according to the description reported by the jury of view. Defendants appealed.

*Woodson, Hudson, Busby & Sayers by Donald B. Sayers for plaintiff appellees.*

*Childers and Fowler by Henry L. Fowler, Jr., for defendant appellants.*

HEDRICK, Judge.

The exception to the "interim judgment" presents the question of whether the facts found by Judge Johnston support the conclusion that plaintiffs are entitled to an easement by way of necessity across the land of defendants.

[1]  Since defendants had an option whether to appeal from the interim judgment or from the judgment locating the easement across their property, *Pritchard v. Scott*, 254 N.C. 277, 118 S.E. 2d 890 (1961), we do not think their failure to perfect the appeal noted vitiated their exceptions to the interim judgment.

[2]  A way of necessity arises when one grants a parcel of land surrounded by his other land, or when the grantee has no access to it except over the land retained by the grantor or land owned by a stranger. *Oliver v. Ernul*, 277 N.C. 591, 178 S.E. 2d 393 (1971). An implied easement of necessity arises only by implication in favor of a grantee and his privies as against a grantor and his privies. *Lumber Co. v. Cedar Works*, 158 N.C. 161, 73 S.E. 902 (1912).

> "[T]o establish the right to use the way of necessity, it is not necessary to show absolute necessity. It is sufficient to show such physical conditions and such use as would reasonably lead one to believe that the grantor intended the grantee should have the right of access." *Oliver v. Ernul, supra* at 599.

In *Pritchard v. Scott, supra* at 282, the North Carolina Supreme Court quoting from 17A Am. Jur., Easements § 58, stated:

> "A way of necessity is an easement arising from an implied grant or implied reservation; it is of common-law origin and is supported by the rule of sound public policy that lands should not be rendered unfit for occupancy or successful cultivation. Such a way is the result of the application of the presumption that whenever a party conveys property, he conveys whatever is necessity *(sic)* for the beneficial use of that property and retains whatever is necessary for the beneficial use of land he still possesses. Thus, the legal basis of a way of necessity is the presumption of a grant arising from the circumstances of the case. This presumption of a grant, however, is one of fact, and

whether a grant should be implied depends upon the terms of the deed and the facts in each particular case."

[3]   The facts found by Judge Johnston clearly show that plaintiffs acquired their land from defendant Smith, that defendants Christy acquired their land by *mesne* conveyance from defendant Smith, and that the land retained by defendant Smith abuts a public highway. The Christys' land lies between that of plaintiffs and Smith. Plaintiffs have no legally enforceable right-of-way to the public highway. While the facts indicate that plaintiffs have a permissive right-of-way to the public highway across the lands of strangers to their title, they are unable to obtain a loan to secure a deed of trust upon their land to finance their home built thereon and, therefore, do not have full beneficial use of their property.

We think the facts found support the conclusion that plaintiffs are entitled to an easement by way of necessity across the lands of defendants to the public road. The exceptions to the interim judgment are not sustained. The judgment appealed from is

Affirmed.

Judge BROCK concurs.

Judge VAUGHN dissents.