RONALD H. METTS and REGGIE METTS, Plaintiffs v. TIMMY TURNER
and LINDA TURNER, Defendants

No. COA01-840

(Filed 16 April 2002)

**Easements— implied by prior use—summary judgment**

The trial court did not err by granting partial summary judgment in favor of plaintiffs and by denying defendants' motion for summary judgment in an action where the trial court awarded plaintiffs a sixty-foot easement implied by prior use and access across defendants' land, and ordered defendants to open and

repair the roadway for the use and benefit of plaintiffs, because: (1) the issue of the physical location of the easement is not material for an easement by implied prior use; (2) plaintiffs have shown that the easement is reasonably necessary to the beneficial enjoyment of the land and that the parties intended the use to continue after severance; and (3) the roadway was plainly visible and appeared on the tax map.

Appeal by defendants from order entered 29 November 1995 by Judge Russell J. Lanier, Jr. and order entered 13 March 2001 by Judge Carl L. Tilghman in Jones County Superior Court. Heard in the Court of Appeals 28 March 2002.

*Hunter Bircher, L.L.P. by John C. Bircher, III, for plaintiffs-appellees.*

*Henderson, Baxter, Taylor & Gatchel, P.A. by David S. Henderson, for defendants-appellants.*

TYSON, Judge.

## I. Facts

Ronald H. Metts and Reggie Metts (collectively "plaintiffs") filed this action in district court on 6 May 1994, alleging that the adjoining parcel of land owned by Timmy Turner and Linda Turner (collectively "defendants") is subject to an easement for their benefit. Plaintiffs complained that defendants had interfered with their use of the easement and had threatened harm if they used the easement. Plaintiffs sought a temporary restraining order, a preliminary injunction, $10,000.00 in damages for the denial of their use of the easement, and demanded that defendants repair damage to the easement.

Defendants filed an answer admitting ownership of the described land, denying that the land was subject to an easement, and counterclaimed for damages in excess of $10,000.00 for multiple trespasses, destruction of gates and fences, and threats by plaintiffs. Defendants also sought injunctive relief restraining plaintiffs from continuing acts of intimidation and harassment, as well as trespass, damage, and waste to their property.

The action was transferred to superior court by order entered 23 March 1995 due to the amount in controversy. Both parties moved for summary judgment which was heard on 9 October 1995. In an order entered 29 November 1995, the trial court granted partial summary

**METTS v. TURNER**

[149 N.C. App. 844 (2002)]

judgment in favor of plaintiffs, awarding them a sixty-foot easement and access across defendants' land and ordering defendants to open and repair the roadway for the use and benefit of plaintiffs. Defendants appealed. In a prior unpublished opinion of this Court, filed 17 December 1996, we dismissed defendants' appeal as interlocutory. On 19 February 2001, the remaining issues of plaintiffs' damages and defendants' counterclaim for damages were tried. The trial court entered an order denying both parties damages on 13 March 2001. Defendants appeal.

## II. Issue

The sole issue raised on appeal is whether the trial court erred in entering partial summary judgment for plaintiffs and denying summary judgment for defendants.

## III. Standard of Review

Rule 56 of the North Carolina Rules of Civil Procedure provides that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2000); *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 473, 251 S.E.2d 419, 423-24 (1979). Where the forecast of evidence available demonstrates that a party will not be able to make out at least a prima facie case at trial, no genuine issue of material fact exists and summary judgment is appropriate. *Boudreau v. Baughman*, 322 N.C. 331, 342, 368 S.E.2d 849, 858 (1988). On appeal, this Court must view the record in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Aetna Casualty & Surety Co. v. Welch*, 92 N.C. App. 211, 213, 373 S.E.2d 887, 888 (1988).

Defendants argue that the trial court erred in finding facts and making conclusions of law on a motion for summary judgment. Facts required to support summary judgment must be established by the pleadings, depositions, answers to interrogatories, admissions, or affidavits. *Epps v. Duke University, Inc.*, 122 N.C. App. 198, 202, 468 S.E.2d 846, 849-50 (1996). Findings of fact and conclusions of law are not required in a summary judgment order. *Bland v. Branch Banking & Trust Co.*, 143 N.C. App. 282, 285, 547 S.E.2d 62, 64 (2001). Findings of fact "do not render a summary judgment void or voidable and may be helpful, if the facts are not at issue and support the judg-

ment." *Mosley v. National Finance Co., Inc.*, 36 N.C. App. 109, 111, 243 S.E.2d 145, 147 (1978) (citation omitted).

Defendants contend that the trial court erred in finding facts as to a disputed material issue: the physical location of the easement on the ground. This issue would be material to an express easement; however, the trial court did not find the existence of an express easement, but found an easement implied by prior use. Furthermore, given the nature of this case, the inclusion of the undisputed material facts and the trial court's conclusions thereon provides helpful guidance for this Court in reviewing the judgment.

## IV. Existence of Easement

Defendants argue that the trial court erred in entering judgment entitling plaintiffs to the described sixty-foot easement. The trial court, in its 29 November 1995 order, found in pertinent part:

5. That on or about May 1, 1959, Lindsey V. Maness was deeded 300 acres of land and said deed is recorded in Deed Book 132, at Page 12 of the Jones County Registry.

6. That on or about March 10, 1976, Lindsey V. Maness deeded to his wife, Nancy Louise Griffin Maness, 350 feet of land located on the north and south of Highway 41 and reserved a 60 foot easement . . . . This parcel of land is a portion of the land described in Deed Book 132, Page 12.

. . . .

10. That Plaintiff, Ronald Metts, owns a 7/14th interest in the land . . . having received his interest from Wanda Maness Jones in Deed Book 223, Page 318. This parcel of land is a portion of the land described in Deed Book 132, Page 12.

11. That Plaintiff, Reggie Metts, owns a 1/14th interest in the land . . . having received his interest from Nancy Griffin Maness in Deed Book 223, Page 574. This parcel of land is a portion of [the] land described in Deed Book 132, Page 12.

. . . .

14. That Defendants own a 2/14th interest in the land recorded in Deed Book 170, Page 180 and is a portion of the land described in Deed Book 132, Page 12.

15. The Defendants also bought from Wanda Maness Jones three (3) lots which were a portion of the 350 foot piece of land described in Deed Book 170, Page 179. These three (3) lots are recorded in Deed Book 213, Page 6 and are also a portion of the land described in Deed Book 132, Page 12.

16. The Plaintiff's and Defendant's are tenants in common in the land recorded in Deed Book 170, at Page 180.

. . . .

18. The Plaintiffs filed affidavits . . . [which] state that the road which runs from Highway 41 to the land which Plaintiffs own an 8/14th interest has been used for farming, mining, and personal use by Lindsey Maness and his grantees for the past 50 years . . . and that this roadway is the only roadway they have used in the past 50 years.

19. A roadway does exist and runs across Defendants land . . . from Highway 41 to the land which Plaintiffs own a 8/14 interest as evidenced by the affidavits filed by the Plaintiffs and from a review of the Jones County tax map . . . .

. . . .

22. The roadway which crosses Defendants land is recorded in Deed Book 213, at Page 6, and is located where the gate fence and the ditch tile are located. Said roadway is also plainly visible on the Jones County tax map . . . . Said roadway was used for ingress and egress of the farm until barred by defendants' actions . . . .

The trial court concluded that:

4. An implied easement by prior use in the road across Defendants' land described in Deed Book 213, Page 6 from Highway 41 to the land in which Plaintiffs own a 8/14th interest, as shown on the Jones County tax map, exists in favor of the Plaintiffs, since prior to severance, the use, which gave way to said easement, had been so long continued, observed and manifest as to show that it was meant to be a permanent one and that the easement was and is necessary to the Plaintiffs' beneficial enjoyment of the lands . . . .

Defendants contend that the facts do not support an express easement, an implied easement from prior use, or an implied ease-

ment by necessity. We agree that the easement described in the parties' deeds is not an express easement. The "description" does not furnish any means by which the location of the proposed easement may be ascertained. *See Adams v. Severt,* 40 N.C. App. 247, 249, 252 S.E.2d 276, 278 (1979) (in order to create an easement by deed or reservation in a deed, the description must be "sufficiently certain to permit the identification and location of the easement with reasonable certainty").

Even though an easement is not expressly granted in a conveyance, our courts will find the existence of an easement by implication under certain circumstances. "[A]n 'easement from prior use' may be implied 'to protect the probable expectations of the grantor and grantee that an existing use of part of the land would continue after the transfer.' " *Knott v. Washington Housing Authority,* 70 N.C. App. 95, 98, 318 S.E.2d 861, 863 (1984) (quoting P. Glenn, *Implied Easements in the North Carolina Courts: An Essay on the Meaning of "Necessary,"* 58 N.C. L. Rev. 223, 224 (1980)). We conclude that competent evidence exists in the record to support the trial court's finding and conclusion that plaintiffs obtained an easement implied by prior use.

To establish an easement implied by prior use, plaintiffs must prove that: (1) there was a common ownership of the dominant and servient parcels of land and a subsequent transfer separated that ownership, (2) before the transfer, the owner used part of the tract for the benefit of the other part, and that this use was "apparent, continuous and permanent," and (3) the claimed easement is "necessary" to the use and enjoyment of plaintiffs' land. *Id.*

In the present case, the first link in the chain of title is a deed to Lindsey V. Maness for 345½ acres dated 1 May 1959. The next conveyance in the chain is a deed from Lindsey V. Maness to his wife, Nancy Louise Griffin Maness, dated 10 March 1976. This deed conveyed 350 feet of land, located on the North and South of Highway 41, and also reserved a sixty-foot right of way on both the North and South sides of Highway 41 for the purpose of ingress and egress to the remaining property. Plaintiffs also offered affidavits that the sixty-foot right of way from Highway 41 was used by Lindsey Maness, his assigns or lessees, his predecessors-in-title, and their assigns or lessees as a general means of ingress and egress for personal use, for use with a mining operation, and use for farming purposes for over fifty years.

Defendants contend that plaintiffs failed to show reasonable necessity and erroneously argue that the subject property has access to State Road 1143. The element of necessity, with an implied easement by prior use, does not require a showing of absolute necessity. *Id.* "It is sufficient to show such physical conditions and such use as would reasonably lead one to believe that grantor intended grantee should have the right to continue to use the road in the same manner and to the same extent which his grantor had used it, because such use was reasonably necessary to the 'fair' . . , 'full,' . . . 'convenient and comfortable,' . . . enjoyment of his property." *Smith v. Moore,* 254 N.C. 186, 190, 118 S.E.2d 436, 438-39 (1961) (citations omitted). The affidavits submitted by plaintiffs established that the alternative access to State Road 1143 has never been used. The trial court's finding and conclusion that plaintiffs have shown that the easement is reasonably necessary to the beneficial enjoyment of the land and more importantly, that the parties intended the use to continue after severance, is supported by substantial competent evidence.

Defendants also contend that there cannot be an implied easement in favor of plaintiffs because there was no attempt to locate the easement on the ground. The trial court found that the roadway was plainly visible and appeared on the tax map. The witnesses testified to the roadway's existence and use by affidavit. It is apparent that the roadway may be readily located on the parties' land. *See Cash v. Craver,* 62 N.C. App. 257, 258-61, 302 S.E.2d 819, 820-22 (1983) (citing *Thompson v. Umberger,* 221 N.C. 178, 19 S.E.2d 484 (1942)).

## V. Conclusion

We hold that the trial court properly found an implied easement by prior use in favor of plaintiffs. We affirm the grant of partial summary judgment in favor of plaintiffs and the denial of defendants' motion for summary judgment.

Affirmed.

Judges MARTIN and THOMAS concur.