BRYANT, Judge.
 

 *372
 
 Where there was competent evidence sufficient to establish each element of plaintiff's easement claims introduced at trial, we affirm. Where the trial court's description of the easement was not ambiguous, the trial court correctly denied defendant's motion for a new trial or supplemental proceedings, and we affirm.
 

 *373
 
 Plaintiff Jeffrey A. Adelman owns real property located at 1904 Harrill Street in Charlotte, North Carolina known as Lot 18. Defendant Leroy Gantt owns an adjoining lot, Lot 1, at 1900 Harrill Street. Lots 1 and 18 were previously owned by a common owner, James and Kathleen Blair.
 

 In August 1978, the Blairs conveyed Lot 1 to defendant and Lot 18 to defendant's mother. Lot 18 contains a concrete driveway that provides ingress and egress for automobiles to the rear of Lot 18 and has been so used since the time it was constructed. The property in dispute is a two-foot-wide strip of the concrete driveway, which is located on Lot 1, defendant's property, where the driveway meets the public right of way (North Harrill Street). For over forty years the property in dispute has functioned as a driveway for the occupant of Lot 18.
 

 In 1989, defendant had his property surveyed. The survey depicted the two-foot portion of the current driveway as being part of defendant's property. The 1989 survey also illustrated a chain-link fence at the edge of the concrete driveway that separated Lots 1 and 18 on defendant's grass line.
 

 On 30 June 2008, plaintiff acquired Lot 18. At that time, defendant's chain-link fence remained on his grass line, and the concrete driveway was free from any obstruction. When plaintiff purchased Lot 18, based on the prior use of the concrete driveway and
 
 *801
 
 placement of the fence, plaintiff believed the entire concrete driveway was his property and for his use and enjoyment.
 

 On or about 1 April 2014, plaintiff hired a contractor to install fence posts and a privacy fence in his backyard. During construction, three fence posts were placed in close proximity to the parking area behind defendant's home. Defendant questioned plaintiff as to whether the posts were actually on defendant's property. Plaintiff showed defendant a survey and defendant acknowledged the fence posts were located on plaintiff's property.
 

 On or about 2 May 2014, defendant hired a surveyor to plot his property lines. The survey revealed plaintiff's fence posts were on plaintiff's property, and also reaffirmed the findings of the 1989 survey, which illustrated that two feet of defendant's northern property fell within a portion of plaintiff's concrete driveway. On 27 May 2014, defendant hired workmen to move the chain-link fence that bordered the concrete driveway into the concrete driveway so that it aligned exactly with defendant's property line as shown on a survey thereof. The new location of the fence narrowed the driveway by two feet and made entering and exiting Lot 18 difficult for plaintiff and his guests.
 

 *374
 
 As a result of defendant's relocation of the fence, plaintiff has damaged the mirrors of two of his cars and does not leave the house at night because the fence limits his ability to get out of his driveway. Plaintiff has also contemplated renting his home, but potential renters were dissuaded from renting his property upon seeing the difficulties posed by the fence and the driveway. When plaintiff had a shed built in his backyard, workers had to bring their material in through a neighbor's driveway (with the neighbor's consent), as the workers' truck could not fit in plaintiff's driveway. Although defendant contends he needs the portion of the concrete driveway behind his chain-link fence for parking, prior to this dispute he parked his car in the same spot in front of his home for thirty-nine years, and he also has a carport in the back of his lot that provides additional parking.
 

 On 14 August 2014, plaintiff filed a complaint and summons in Mecklenburg County District Court seeking damages for nuisance, prescriptive easement, easement by prior use, and easement by necessity. Defendant filed his motion and answer on 26 September 2014.
 

 On 5 December 2014, an Arbitration Award and Judgment was filed, which ordered defendant "to remove the portion of [the] fence from the front of his house to the street on the side that burdens the property with plaintiff." On 11 December 2014, defendant filed a request for trial
 
 de novo
 
 .
 

 On 2 February 2015, a bench trial was held in the Mecklenburg County District Court, the Honorable Karen Eady-Williams, Judge presiding, regarding plaintiff's request for an easement implied by prior use and by necessity over the portion of the concrete driveway in issue. The trial court orally granted plaintiff's request for an easement on the date of the hearing. Before the written judgment was filed and entered, plaintiff submitted a proposed order to the court and attached a recent survey of the property at issue conducted in February 2015 and labeled Exhibit 1.
 

 By written judgment entered 30 March 2015, the trial court found and concluded that plaintiff was entitled to an easement under the theories of implied easement by prior use and easement by necessity. The trial court also found defendant's placement of the fence "served no reasonable purpose for the [d]efendant," "constitute[d] a nuisance by the [d]efendant as to the [p]laintiff," and ordered defendant to remove any portion of the fence located within the concrete driveway serving plaintiff's lot.
 

 *375
 
 On 1 April 2015, defendant filed a motion for a new trial based on the description of the property in the judgment as not being specific or detailed enough to satisfy the easement requirements. Defendant also contended that plaintiff's Exhibit 1, the February 2015 survey of the property in dispute, was improperly "admitted" and considered by the trial court after plaintiff closed his case-in-chief. Defendant's motions for new trial and supplemental proceeding were denied
 
 *802
 
 on 6 October 2015 by Judge Eady-Williams. Defendant appeals.
 

 _________________________
 

 On appeal, defendant argues the trial court erred by (I) granting plaintiff an easement by preexisting use and by necessity over defendant's property; and (II) denying defendant's motion for a new trial.
 

 I
 

 Defendant contends the trial court committed reversible error by granting plaintiff an easement implied by prior use and by necessity. Specifically, defendant contends there was no competent testimony or evidence that the common owner of the property intended that the use of the driveway continue (prior use), and that because plaintiff does not need the use of defendant's driveway to reach a public road, any legal theory that an easement by necessity exists is negated.
 
 [1]
 
 We disagree.
 

 The standard of review on appeal from a judgment entered after a non-jury trial is "whether there was competent evidence to support the trial court's findings of fact and whether its conclusions were proper in light of such facts."
 
 Shear v. Stevens Bldg. Co.
 
 ,
 
 107 N.C.App. 154
 
 , 160,
 
 418 S.E.2d 841
 
 , 845 (1992) (citation omitted). The trial court's findings of fact are "conclusive on appeal if there is evidence to support those findings."
 

 Id.
 

 (citation omitted). "A trial court's conclusions of law, however, are reviewable
 
 de novo
 
 ."
 

 Id.
 

 (citation omitted).
 

 "Unchallenged findings of fact are presumed correct and are binding on appeal."
 
 In re Schiphof
 
 ,
 
 192 N.C.App. 696
 
 , 700,
 
 666 S.E.2d 497
 
 , 500 (2008) (citations omitted). Where specific findings are challenged, "[i]f the court's factual findings are supported by competent evidence, they are conclusive on appeal, even though there is evidence to the contrary."
 
 Boundary Dispute Between Lots 97 & 98 of C.M. Bost Estate v. R.L. Wallace Constr. Co.
 
 ,
 
 199 N.C.App. 522
 
 , 527,
 
 681 S.E.2d 553
 
 , 557 (2009)
 

 *376
 
 (quoting
 
 Lagies v. Myers
 
 ,
 
 142 N.C.App. 239
 
 , 246,
 
 542 S.E.2d 336
 
 , 341 (2001) ). "In evaluating the credibility of the witnesses, the trial judge determines the weight to be given to their testimony and the reasonable inferences to be drawn therefrom."
 

 Id.
 

 (quoting
 
 Terry's Floor Fashions, Inc. v. Crown Gen. Contractors, Inc.
 
 ,
 
 184 N.C.App. 1
 
 , 10,
 
 645 S.E.2d 810
 
 , 816 (2007) ).
 

 In the instant case, the trial court made the following findings of fact and conclusions of law relevant to easement implied by prior use and by necessity:
 

 16. To establish the existence of the easement, which is a two feet portion of the concrete driveway, Plaintiff testified that when he purchased his house in June 2008, he believed he had full use of the concrete driveway based on his understanding of the prior use of this driveway. He understandably believe[d] that the entire concrete driveway was his property and for his use and enjoyment.
 

 17. Plaintiff also provided photographs of his neighbor, the Defendant, erecting a chain link fence on a small portion of the concrete driveway, which was on the actual property line, but limiting Plaintiff's full use of the driveway and causing him concern about trying to access his back yard to park his vehicles.
 

 ...
 

 24. Prior to in or about August 1978, both Plaintiff's and Defendant's lots had originally been owned by the same land owner, but they were later divided and Defendant's mother lived on one lot (Lot 18) while Defendant lived on the adjacent lot (Lot 1).
 

 25. Per Plaintiff's evidence and Plaintiff's Exhibit 3 (Deed recorded August 2, 1978), the property was severed in August 1978.
 

 26. Defendant testified that the driveway had always been between the two properties and had been used solely as a driveway when his mother resided there. It had no other use. He did not testify to any restrictions on the use of the driveway at any time when his mother lived next to him. It had been used as a driveway for
 
 *803
 
 over 40 years or since his mother owned the house.
 
 *377
 
 27. Defendant further testified that he routinely parked on the street when his mother lived next to him. He did this for 39 years. And he has a carport at the back of his house, which is located on a corner lot.
 

 28. During trial, Defendant never testified that he had any need to use his mother's driveway to park his vehicle or otherwise while she resided next door. This allegation came about after Plaintiff moved into his mother's former home.
 

 ...
 

 31. Prior to the two plots of land being divided in 1978 and at the time that Plaintiff purchased the property in 2008, the expectation was that the driveway would be used in its entirety as a driveway for the house where Plaintiff resides (Lot 18).
 

 ...
 

 CONCLUSIONS OF LAW
 

 ...
 

 10. The order entered by this Court on March 30, 2015 met the criteria listed above for the finding of an easement implied by prior use and necessity to unencumber property adjacent to Defendant's property.
 

 A.
 
 Easement Implied by Prior Use
 

 "An easement is a right to make some use of land owned by another without taking a part thereof."
 
 Builders Supplies Co. v. Gainey
 
 ,
 
 282 N.C. 261
 
 , 266,
 
 192 S.E.2d 449
 
 , 453 (1972) (citation omitted). An easement is non-possessory and serves only the limited purpose that gives rise to its creation.
 
 See
 

 id.
 
 at 270,
 
 192 S.E.2d at 455
 
 (citation omitted).
 

 To establish an easement implied by prior use, plaintiff[ ] must prove that: (1) there was a common ownership of the dominant and servient parcels of land and a subsequent transfer separated that ownership, (2) before the transfer, the owner used part of the tract for the benefit of the other part, and that this use was "apparent, continuous and permanent," and (3) the claimed easement is "necessary" to the use and enjoyment of plaintiff['s] land.
 

 *378
 

 Metts v. Turner
 
 ,
 
 149 N.C.App. 844
 
 , 849,
 
 561 S.E.2d 345
 
 , 348 (2002) (quoting
 
 Knott v. Wash. Hous. Auth.
 
 ,
 
 70 N.C.App. 95
 
 , 98,
 
 318 S.E.2d 861
 
 , 863 (1984) ). "[A]n easement from prior use may be implied to protect the probable expectations of the grantor and grantee that an existing use of part of the land would continue after the transfer."
 

 Id.
 

 (alteration in original) (quoting
 
 Knott
 
 ,
 
 70 N.C.App. at 98
 
 ,
 
 318 S.E.2d at
 
 863 ).
 

 1. "Apparent, Permanent, and Continuous" Use
 
 [2]
 

 "[W]here one conveys a part of his estate, he impliedly grants all of those apparent or visible [appurtenant] easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed, and which are reasonably necessary for the use of that part."
 
 Wiggins v. Short
 
 ,
 
 122 N.C.App. 322
 
 , 328-29,
 
 469 S.E.2d 571
 
 , 576 (1996) (citations omitted) (quoting
 
 Carmon v. Dick
 
 ,
 
 170 N.C. 305
 
 , 306-07,
 
 87 S.E. 224
 
 , 225 (1915) ).
 

 Here, there was ample evidence that the concrete driveway was for access to defendant's mother's home (later, plaintiff's home), it was permanent in nature, and had been used by defendant's mother for over forty years. At trial, plaintiff testified that when he purchased his home in 2008 (1) the concrete driveway had been solely used as a driveway by the grantor (defendant's mother); (2) defendant had parking located in the front and back of his home; and (3) the chain-link fence separating the two property lots originally ran along the grass line of defendant's property rather than on the actual property line, until May 2014, when defendant hired workmen to relocate the fence onto the driveway. In addition to plaintiff's testimony, defendant introduced a survey of the property at issue, and both parties introduced photographs for the court to consider. Thus, the evidence presented at trial demonstrated that plaintiff reasonably believed the
 
 *804
 
 entire concrete driveway would continue to serve in the same manner as it had been for the past forty years.
 

 2. Necessity
 

 As with implied easements by necessity,
 
 see infra
 
 Section 1.B, there is a degree of necessity required in order to imply an easement by prior use.
 
 See
 

 Smith v. Moore
 
 ,
 
 254 N.C. 186
 
 , 190,
 
 118 S.E.2d 436
 
 , 438 (1961). Our Courts have been markedly generous in their definition of what is "necessary" for the beneficial use of land to satisfy the element of
 
 *379
 
 necessity.
 
 See, e.g.
 
 ,
 
 Metts
 
 ,
 
 149 N.C.App. at 850
 
 ,
 
 561 S.E.2d at 348-49
 
 (holding that where an alternate road existed, but was never used, the plaintiff was still entitled to an implied easement by prior use);
 
 McGee v. McGee
 
 ,
 
 32 N.C.App. 726
 
 , 729,
 
 233 S.E.2d 675
 
 , 677 (1977) (holding that where a second route was "unsuitable," the easement was reasonably necessary).
 

 Here, competent evidence was presented by plaintiff which established the concrete driveway including the two-foot easement is reasonably necessary to plaintiff's enjoyment and use of his land. Plaintiff provided photographs and testimony for the court to consider, and specifically testified that without the access to the two feet of the concrete driveway at issue (1) plaintiff and his guests had difficulty entering and exiting his lot, (2) the restriction caused damage to the mirrors on two of his cars; (3) plaintiff does not leave his home at night because the restriction obstructs his view; (4) potential renters of the home on plaintiff's lot were dissuaded from renting the house because of the difficulty posed by the restriction in the driveway; and (5) a serviceman hired could not access plaintiff's home via the restricted driveway and was compelled to use the driveway of a neighbor.
 

 Accordingly, the testimony, exhibits, and photographs sufficiently provided competent evidence for the trial court to find that unobstructed access to the concrete driveway was reasonably necessary, and, in turn, to find and grant an easement implied by prior use.
 

 B.
 
 Easement by Necessity
 

 [A]n easement by necessity will be implied upon proof of two elements: (1) the claimed dominant parcel and the claimed servient parcel were held in common ownership which was ended by a transfer of part of the land; and (2) as a result of the land transfer, it became "necessary" for the claimant to have the easement.
 

 Wiggins
 
 ,
 
 122 N.C.App at 331
 
 ,
 
 469 S.E.2d at 577-78
 
 (1996) (citing
 
 Harris v. Greco
 
 ,
 
 69 N.C.App. 739
 
 , 745,
 
 318 S.E.2d 335
 
 , 339 (1984) ).
 

 1. Reasonable Belief
 

 "To establish a right of way as 'necessary,' it is not required that the party thus claiming show absolute necessity. It is sufficient to show physical conditions and use which would 'reasonably lead one to believe that the grantor intended the grantee should have the right of access.' "
 

 *380
 

 Id.
 
 at 331,
 
 469 S.E.2d at 578
 
 (quoting
 
 Oliver v. Ernul
 
 ,
 
 277 N.C. 591
 
 , 599,
 
 178 S.E.2d 393
 
 , 397 (1971) ).
 

 In
 
 Jernigan v. McLamb
 
 , this Court held that easements by necessity are a result of the application of the presumption that whenever a party conveys property, he or she conveys whatever is necessary for the beneficial use of that property.
 
 192 N.C.App. 523
 
 , 526,
 
 665 S.E.2d 589
 
 , 592 (2008) (citation omitted).
 

 Here, defendant testified that plaintiff's predecessor in interest (defendant's mother) was the only person to use the concrete driveway. Furthermore, defendant never testified that he had any need to use his mother's driveway for any purpose while she resided there. Based on defendant's testimony, it was reasonable for plaintiff to believe that his predecessor in interest conveyed the property with the right to continue to use the concrete driveway (in its entirety) for ingress and egress. Plaintiff's reasonable belief is reaffirmed by the fact that he had full use of the driveway for six years, until defendant moved the fence in 2014.
 

 *805
 
 2. Essential to Use and Enjoyment
 

 To establish an easement by necessity, the movant must show that the easement is essential to the use and enjoyment of the property.
 
 See
 

 Oliver
 
 ,
 
 277 N.C. at 599
 
 ,
 
 178 S.E.2d at 397
 
 (citation omitted). When a grantee does not have "full beneficial use of their property," granting an easement by necessity is appropriate.
 
 See
 

 Jernigan
 
 , 192 N.C.App. at 527,
 
 665 S.E.2d at 592
 
 (citation omitted). In
 
 Jernigan
 
 , this Court granted an easement by necessity where the lack of legally enforceable access to the property at issue could have an impact on the property's value.
 
 Id.
 
 at 528,
 
 665 S.E.2d at 592-93
 
 .
 

 Here, plaintiff testified that at a certain point when he contemplated renting the house on Lot 18, potential renters were dissuaded from renting upon seeing the difficulty of entering and exiting the property via the driveway posed by the chain-link fence which fenced off two feet of the concrete driveway. Such testimony demonstrated that plaintiff's property value was negatively impacted by the obstruction of the chain-link fence erected by defendant. Therefore, sufficient evidence was provided to show that full use of the concrete driveway is essential to the plaintiff's use and enjoyment of his property.
 

 Thus, the record reflects that competent evidence was introduced at trial to support the trial court's conclusion that plaintiff established the two elements required to obtain an easement by necessity over the concrete driveway. Accordingly, defendant's arguments as to easement implied by prior use and easement by necessity are overruled.
 

 *381
 

 II
 

 Defendant contends the trial court committed reversible error when it denied his motion for new trial or for supplemental proceedings. Specifically, defendant contends that plaintiff failed to introduce competent evidence at trial for the court to determine the specific boundaries of any easement over defendant's land, and that Exhibit 1 constitutes evidence improperly submitted by plaintiff after plaintiff rested his case at trial. We disagree.
 

 "[A]n appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge."
 
 Worthington v. Bynum
 
 ,
 
 305 N.C. 478
 
 , 482,
 
 290 S.E.2d 599
 
 , 602 (1982) (citations omitted).
 

 [W]here the grant of an easement of way does not definitely locate it, it has been consistently held that a reasonable and convenient way for all parties is thereby implied, in view of all the circumstances[.] ... It is a settled rule that where there is no express agreement with respect to the location of a way granted but not located, the practical location and user of a reasonable way by the grantee, acquiesced in by the grantor or owner of the servient estate, sufficiently locates the way, which will be that which was intended by the grant.
 

 Edwards v. Hill
 
 ,
 
 208 N.C.App. 178
 
 , 191,
 
 703 S.E.2d 452
 
 , 461 (2010) (alterations in original) (quoting
 
 Allen v. Duvall
 
 ,
 
 311 N.C. 245
 
 , 249,
 
 316 S.E.2d 267
 
 , 270 (1984) ). "No particular words are necessary to constitute a grant, and any words which clearly show the intention to give an easement ... are sufficient to effect that purpose.... The instrument should describe with reasonable certainty the easement created and the dominant and servient tenements."
 
 Borders v. Yarbrough
 
 ,
 
 237 N.C. 540
 
 , 542,
 
 75 S.E.2d 541
 
 , 543 (1953) (citation omitted).
 

 With regard to Exhibit 1 and defendant's contention that the description of the easement was ambiguous, the trial court made the following relevant findings of fact and conclusions of law:
 

 10. Defendant further contends in his Motion that Plaintiff's "Exhibit 1," which is a recent survey of the property at issue, was admitted after the hearing and considered by this Court after the Plaintiff closed his case in chief.
 

 *382
 
 11. However, at the conclusion of the trial in February 2015, this Court orally granted the Plaintiff's request for an easement without consideration or regard to the more recent survey as it did not exist.
 

 *806
 
 12. Contrary to Defendant's allegations, this Court did not consider the recent survey, which had been attached to the Proposed Order and titled Plaintiff's "Exhibit 1," in its original oral ruling. This Court had no need to consider additional evidence or the recent survey as the other evidence presented by the Plaintiff was deemed sufficient for orally the [sic] granting of Plaintiff's request at the conclusion of the February 2015 hearing.
 

 13. Furthermore, a similar survey to what was provided by Plaintiff in the 2015 survey had already been received into evidence during the February 2015 trial. This was not new information to the Court. It was virtually identical to what had been admitted during trial.
 

 ...
 

 18. During the trial, Defendant introduced as his "Exhibit 1" a survey of the property that had been conducted in 1989. The survey clearly depicted the two feet portion of the current driveway as being part of Defendant's property. And Defendant testified to the same.
 

 ...
 

 22. This evidence of where the property at issue was located was clear and unambiguous during the trial. And neither party objected to the introduction or admissibility of the Defendant's survey.
 

 23. Defendant never questioned the location or description of the property at issue. He introduced the survey which clearly identified the portion of the property at issue. And, in his testimony, he detailed the exact location of the property.
 

 ...
 

 33. Exhibit 1, which is the recent survey attached to the Order entered in March 2015, was provided for illustrative purposes only. It is not additional evidence that has been or was considered by this Court.
 

 *383
 
 34. The description of the property provided by the parties at trial and in the March 2015 Order at issue was/is sufficient. And the description of the easement is sufficiently certain to permit with [sic] identification of the location of the easement with reasonable certainty.
 

 ...
 

 CONCLUSIONS OF LAW
 

 ...
 

 6. In easements, as in deeds generally, the intention of the parties is determined by a fair interpretation of the grant. 17 Am.Jur., Easements, Sec. 25. The grant of the easement in the case at bar can be fairly interpreted without confusion or ambiguity.
 

 ...
 

 11. The description of the property listed in Order dated March 30, 2015 was sufficient to meet the legal criteria for identification of the easement.
 

 12. There is no uncertainty, ambiguity nor vagueness in the description of the easement at issue.
 

 13. The description of the easement is sufficiently certain to permit with [sic] identification and location of the easement with reasonable certainty.
 

 14. No additional evidence was received by the undersigned after the Plaintiff closed his case and no such evidence was considered in any of the undersigned's rulings in this matter.
 

 Courts have described easements with terminology reflecting the expectations of the grantor and grantee, without formal descriptions such as metes and bounds.
 
 See
 

 Metts
 
 ,
 
 149 N.C.App. at 849
 
 ,
 
 561 S.E.2d at 348
 
 . In
 
 Metts
 
 , this Court found the trial court properly identified an easement by prior use despite the defendants' contention that there could not be an implied easement because there was no attempt to locate the easement (a roadway) on the ground of the defendants' property.
 
 Id.
 
 at 849,
 
 561 S.E.2d at 349
 
 . Because the trial court "found that the roadway was plainly visible and appeared on the tax map," and "[t]he witnesses testified to the roadway's existence and use by affidavit[,]" this Court held this was legally sufficient to identify the easement at issue.
 
 Id.
 
 at 850,
 
 561 S.E.2d at 349
 
 (citation omitted).
 

 *384
 
 Here, the trial court's description of the easement in the March 2015 judgment met the criteria for finding an easement implied by prior use and by necessity. The March 2015 order properly identified plaintiff's easement as "an easement over the portion of the concrete driveway located on Lot 1." This conclusion reflects the trial court's finding that it was the expectation
 
 *807
 
 and intention of the predecessor-in-interest of plaintiff and defendant that the concrete driveway located on Lot 18 provide means of ingress and egress for the owner or occupant of Lot 18. Furthermore, the identification of the easement located over the "concrete paved driveway that is physically located on the Defendant's property" described a right of way that was "plainly visible,"
 
 see
 

 id.
 

 and reflected plaintiff's reasonable expectation that he would be able to continue to use this right of way without encumbrances. Accordingly, the trial court correctly denied defendant's motion for new trial as the description of the easement is not ambiguous.
 

 Defendant also contends the trial court erroneously relied on plaintiff's Exhibit 1 in finding plaintiff was entitled to an easement. However, this contention is without merit. At the conclusion of the February 2015 trial, the trial court orally granted plaintiff's request for an easement, without consideration of plaintiff's Exhibit 1, as it was not presented to the trial court at that time. Moreover, the information provided by Exhibit 1 was not new or additional; it provided an almost identical survey to the one put into evidence during the trial. Accordingly, defendant's argument is overruled. The judgment of the trial court is
 

 AFFIRMED.
 

 Judges CALABRIA and STEPHENS concur.
 

 [1]
 

 Defendant also challenges the trial court's Finding of Fact No. 5 which states as follows: "On February 2, 2015, at the conclusion of the hearing, the undersigned orally granted Plaintiff's request for an easement."
 

 [2]
 

 It is undisputed that a common owner originally owned Lots 1 and 18 and the property was later severed prior to plaintiff's purchase of Lot 18. Thus, the first element of both theories of easement-implied by prior use and necessity-is not at issue.